IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTIE S. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 04-0406-WS-B |
| | ) |
| GMRI, INC., etc., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 28). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 29-32, 35-37), and the motion is ripe for resolution. In addition, the plaintiff's motion to dismiss, (Doc. 34), is also ripe for resolution. After carefully considering the foregoing materials and all other relevant materials in the file, the Court concludes that the plaintiff's motion to dismiss is due to be granted and that the defendant's motion for summary judgment is due to be granted in part and denied in part.

**BACKGROUND**

On the night of April 20, 2002, the plaintiff dined at a Red Lobster restaurant owned and operated by the defendant. Sometime afterwards, she began experiencing abdominal discomfort. Ultimately, a 2.4 centimeter sliver of wood resembling a toothpick was removed from her small intestine, along with 18 inches of that organ. The plaintiff asserts causes of action for negligence, wantonness, breach of implied contract, and negligent failure to train.[1]

---

[1] The complaint also includes claims for negligent hiring, supervision and retention. (Complaint at 5). The plaintiff's motion to voluntarily dismiss these claims, (Doc. 34), which stands unopposed by the defendant, is **granted**.

**CONCLUSIONS OF LAW**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1367(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  *Id.*  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986))(footnote omitted).

**I.  Source of Toothpick.**

The defendant argues that the plaintiff cannot establish a genuine issue of material fact as to whether she ingested the toothpick at Red Lobster.  The defendant emphasizes: (1) the plaintiff's inability to prove to a certainty that she ingested the toothpick there, as she did not notice ingesting it and cannot describe it; (2) her failure to provide expert testimony that the toothpick came from Red Lobster; (3) the theoretical possibility that the toothpick came from one of two other restaurants she visited around the same time; and (4) the lack of any evidence that she ordered or consumed a dish that was served or prepared with a wooden skewer or toothpick.  (Doc. 29 at 11-13).

The law, of course, does not require absolute certainty in the evidence, and circumstantial evidence is sufficient.  Nor is expert testimony as to the origin of the toothpick necessary.  That the toothpick could have come from elsewhere does not eliminate the plaintiff's ability to show that it came from Red Lobster.  Finally, that the plaintiff had no dish that *should have* contained a wooden toothpick does not establish that she had no dish that *did* contain a wooden toothpick.

The plaintiff's evidence reflects that she was served and consumed, inter alia, a bowl of scallops. The evidence also reflects that Red Lobster offered a dish composed of bacon wrapped around scallops and "stabilized" with wooden toothpicks. This dish, which was prepared by the same individuals that prepared the plaintiff's bowl of scallops, was served nine times on April 20, 2002. The plaintiff's stomach upset began the morning after she dined at Red Lobster, and it progressed to abdominal discomfort within a few days thereafter. A medical doctor has testified that this timing is consistent with ingestion on April 20.[2] There is no doubt that the plaintiff's evidence, if believed by the jury, would support a reasonable inference that she ingested the toothpick at Red Lobster.

## II. Negligence.

The defendant argues that the plaintiff cannot rely on the mere fact that she ingested the toothpick at Red Lobster to prove that the defendant was negligent. (Doc. 29 at 10-11, 13). The plaintiff responds with a welter of arguments, which the Court addresses in turn.

The plaintiff first suggests that, because she had a reasonable expectation that her meal would not include a wooden toothpick, a presumption of negligence arises, which the defendant has not attempted to rebut. (Doc. 35 at 12-14). As the plaintiffs' own cases attest, however, the "reasonable expectations" test is reserved for cases alleging claims under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD") or for breach of implied warranty.[3] Because the plaintiff has not asserted either of these causes of action in this lawsuit, the reasonable expectations test is inapplicable.

---

[2](Plaintiff's Deposition at 32, 48-49, 52; Plaintiff's Affidavit, ¶ 10; Hembree Deposition at 59; Hembree Affidavit, ¶ 7; *id*., Exhibit A, Part II at 25; *id*., Exhibit B at 3; *id*., Exhibit C at 12; Scanlon Affidavit, ¶¶ 3, 5).

[3]*See Cain v. Sheraton Perimeter Park South Hotel*, 592 So. 2d 218 (Ala. 1991); *Ex parte Morrison's Cafeteria, Inc*., 431 So. 2d 975 (Ala. 1983). The third case cited by the plaintiff sounds in negligence but does not employ a reasonable expectations test. *Opelika Coca-Cola Bottling Co. v. Johnson*, 241 So. 2d 327 (Ala. Civ. App. 1970). Her final case references the reasonable expectations test within its discussion of negligence but relies on it as a basis for decision only in its discussion of the AEMLD claim. *Flagstar Enterprises, Inc. v. Davis*, 709 So. 2d 1132, 1140-42 (Ala. 1997).

The plaintiff next argues that the presence of foreign matter in her meal establishes a prima facie case of negligence, which the defendant has not attempted to rebut. (Doc. 35 at 14-15). The actual rule, however, as expressed in the very case cited by the plaintiff, is that "when a foreign unwholesome substance is found in a *sealed package or bottle* of food or beverage, there arises an inference, a prima facie case or presumption of the existence of negligence on the part of the manufacturer or bottler." *Opelika Coca-Cola Bottling Co. v. Johnson*, 241 So. 2d 327, 329 (Ala. Civ. App. 1970)(emphasis added). Because the defendant did not serve the plaintiff food in a sealed package, this principle does not apply.

As the plaintiff recognizes, (Doc. 35 at 11), "[t]he law requires that, in the selection of the food for his restaurant and in cooking it for his customers, [a restauranteur] shall exercise that same degree of care which a reasonably prudent man, skilled in the art of selecting and preparing food for human consumption, would be expected to exercise in the selection and preparation of food for his own private table." *Flagstar Enterprises, Inc. v. Davis*, 709 So. 2d 1132, 1139-40 (Ala. 1997)(internal quotes omitted). The burden is on the plaintiff to prove negligence under this standard. *Travis v. Louisville & Nashville Railroad Co.*, 62 So. 851, 854 (Ala. 1913).[4]

The plaintiff's only effort to meet this standard is to note the same circumstances that support her allegation of ingestion at Red Lobster, viz.: (1) her scallops should not have contained a wooden toothpick; (2) a different scallops dish did contain wooden toothpicks and was repeatedly prepared on the date in question; and (3) the same persons prepared both her scallops and the bacon-scallops dish. (Doc. 35 at 12).

To the extent the plaintiff suggests that the mere presence of a toothpick in her meal raises an inference of negligence (as it would under the AEMLD or implied warranty law, or under negligence cases involving sealed containers), she is incorrect. In *Davis*, for example, the plaintiff discovered a pool of blood in a styrofoam package containing a biscuit. The Court found sufficient evidence of

---

[4]The plaintiff dismisses the defendant's reliance on "early twentieth century cases." (Doc. 35 at 11). She has not suggested, however, that these authorities are no longer good law. Indeed, the dearth of more recent negligence cases likely stems from the development of alternative causes of action under the AEMLD and implied warranty law.

negligence to reach the jury, but not simply because the blood should not have been there. Instead, the Court identified the negligent conduct as the food preparer's failure to properly bandage a wound on her arm, which bled into the container. 709 So. 2d at 1140; *accord McCarley v. Wood Drugs, Inc.*, 153 So. 446, 447 (Ala. 1934)(evidence that the plaintiff was made sick by food served her by the defendant does not shift the burden to the defendant; there must also be evidence supporting a reasonable inference that the defendant failed to exercise due care in preparing the food).

The plaintiff rightly insists that negligence may be inferred from the circumstances, (Doc. 35 at 11), but she has identified no circumstances that could give rise to such an inference in this case. To the extent she suggests that it is negligent to allow the same persons to prepare scallops dishes with toothpicks and scallops dishes without, she has not even attempted to fit such an argument within the prevailing legal standard. That is, she has not explained why (or even how) a reasonably prudent, skilled person cooking for his own private table would prohibit anyone handling toothpicks from being involved in the preparation of other dishes.

The plaintiff appears to argue that Red Lobster was negligent in failing to have in place policies, procedures or guidelines adequate to prevent contamination of dishes with toothpicks. (Doc. 35 at 12). Again, however, she fails to tie this argument to the legal standard of what a reasonably prudent, skilled person would do in preparing food for his own table. The plaintiff is required to identify what such a reasonable person would have done differently, and simply insisting that he would have done whatever was necessary to prevent toothpicks from being served to unsuspecting diners does nothing to carry that burden. *Cf. McCarley v. Wood Drugs*, 153 So. at 447 (agreeing that a "defendant is not liable as an insurer of the [food] served").

The plaintiff could have, but did not, advance an alternative argument that the defendant was negligent in failing to notice the toothpick before the dish was served. (Doc. 35 at 20).[5] Negligence can be based on such a failure. *E.g., Flagstar Enterprises v. Davis*, 709 So. 2d at 1140 (the jury

---

[5] Elsewhere in her brief, the plaintiff notes that "[t]here is no evidence that the alley coordinator inspected the food for foreign objects." (Doc. 35 at 20). However, she did not convert this stray comment, which appears within her discussion of failure to train, into an argument supporting her negligence claim.

could reasonably infer negligence from the defendant's "fail[ure] to observe that blood had gotten onto the styrofoam container"). However, negligence in such cases depends on a showing that the defect was easily detectable. *See id.* at 1140 n.4 (blood was "clearly visible inside the styrofoam container"); *id.* (negligence based on "proof that spoiled fish may be readily detected by the senses of sight, touch, and smell")(discussing *C.C. Hooper Café Co. v. Henderson*, 137 So. 419 (Ala. 1931))(internal quotes omitted); *id.* (negligence based on "testimony that the taint was easily and readily detected by any one giving ordinary attention to the matter") (discussing *Pantaze v. West*, 61 So. 42 (Ala. App. 1913))(internal quotes omitted). The plaintiff has identified no evidence that the toothpick was easily detectable; on the contrary, she insists that it was embedded in a scallop and unseen by her. (Doc. 35 at 19). Accordingly, the defendant could not have been negligent in failing to discern its presence.

Finally, the plaintiff stresses that, "if there is evidence that points to *any* plausible theory of causation, there is a basis for recovery." (Doc. 35 at 11 (emphasis supplied by plaintiff)). Assuming for the sake of argument that the plaintiff's injury is causally related to the defendant's use of the same employees to make dishes with toothpicks and dishes without, her case founders for lack of evidence of negligence, rendering causation issues moot.

In summary, the plaintiff has offered evidence sufficient to support a prima facie case under several inapplicable legal theories, but she has offered no evidence sufficient to support a prima facie case measured by the legal standard governing her claim of negligence. Accordingly, the defendant's motion for summary judgment as to that claim is due to be granted.

### III. Wantonness.

"Wantonness involves the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Lilya v. Greater Gulf State Fair, Inc.*, 855 So. 2d 1049, 1056 (Ala. 2003)(internal quotes omitted). The defendant argues that the plaintiff has no evidence that it was conscious its use of wooden toothpicks would likely cause injury. (Doc. 29 at 15). The record reflects no history of such occurrences either at this Red Lobster or at other restaurants, nor any evidence that

this practice is inherently dangerous. (Hembree Affidavit, ¶¶ 16-21). Indeed, the plaintiff makes no effort to justify her wantonness claim, and that failure is fatal. Accordingly, the defendant's motion for summary judgment as to this claim is due to be granted.

**IV. Breach of Contract.**

The plaintiff describes this claim as one for breach of implied contract, extrapolating from Alabama cases finding such a contract based on the purchase of an admission ticket to a place of amusement. (Doc. 35 at 17-19). The defendant takes no issue with the plaintiff's inability to identify any authority for the proposition that a similar implied contract arises between a restaurant and its patron. Nor does it argue that the toothpick was not "discoverable by ordinary inspection," as the plaintiff says is required to support liability under this theory. (Doc. 35 at 18). Instead, the defendant limits its challenge to the familiar one that the plaintiff cannot prove that she ingested the toothpick at Red Lobster. (Doc. 29 at 10-13). Because, as discussed in Part I, the plaintiff has in fact produced sufficient evidence to create a jury issue in this regard, the defendant's motion for summary judgment as to this claim is due to be denied.

**V. Negligent Failure to Train.**

The defendant denies awareness of past problems from the use of wooden toothpicks. (Doc. 29 at 15; Hembree Affidavit, ¶¶ 16-21). Under Alabama law, to support a failure-to-warn claim the plaintiff must prove that an employee of the defendant was "incompeten[t]," based on his prior acts, and that the employer knew or should have known of his incompetency. *E.g., Mardis v. Robbins Tire & Rubber Co.*, 669 So. 2d 885, 889-90 (Ala. 1995); *Big B, Inc. v. Cunningham*, 634 So. 2d 999, 1002-03 (Ala. 1993); *Zielke v. AmSouth Bank, N.A.*, 703 So. 2d 354, 358-59 (Ala. Civ. App. 1996); *Portera v. Winn Dixie, Inc.*, 996 F. Supp. 1418, 1438-39 (M.D. Ala. 1998). Although the plaintiff acknowledges that she must prove these elements, she ignores them and instead complains only that the defendant did not train its employees adequately. (Doc. 35 at 20-21). Without proof of facts creating a duty to train, however, any failure to train cannot be actionable.

Elsewhere in her brief, the plaintiff represents that diners at the restaurant have discovered glass and a cotter pin in their meals. (Doc. 35 at 8, 12). The plaintiff has not relied on these alleged incidents in support of her failure-to-train claim, (*id*. at 19-21), and it would have been futile to do so. As a threshold matter, there is no record evidence that the incidents ever occurred.[6] Moreover, the plaintiff has not identified the employees responsible for the presence of the glass and cotter pin — or the toothpick in this case — failing which there could be no showing of past acts of an employee reflecting his incompetency.

In summary, for lack of evidence of an employee's incompetency and the defendant's actual or constructive awareness of such incompetency, the defendant's motion for summary judgment as to the plaintiff's negligent failure-to-warn claim is due to be granted.[7]

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted** with respect to the plaintiff's claims for negligence, wantonness and negligent failure to warn, and **denied** with respect to the plaintiff's claim for breach of an implied contract.

DONE and ORDERED this 3rd day of June, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[6]The plaintiff relies on the deposition of Michael Hembree, who did not recall the glass incident and was not asked to confirm the cotter pin incident. (Hembree Deposition at 106). The lawyer's questions, which assume the existence of these incidents, plainly do not constitute evidence of them. Nor has the plaintiff submitted any documentation or other evidence that the incidents occurred.

[7]Although unnoted by the parties, the plaintiff in a failure-to-train claim must also prove underlying wrongful conduct by the employee. *E.g., Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999). The defendant's entitlement to summary judgment as to the plaintiff's tort claims presumably would thus doom her failure-to-train claim as well. *See Thrasher v. Ivan Leonard Chevrolet, Inc*., 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002)("In order to establish a claim for negligent ... training ..., the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort.").