IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MATTIE S. BAILEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 04-0406-WS-B |
| | ) |
| **GMRI, INC., etc.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motions for a Rule 54(b) final judgment and for a stay pending appeal. (Docs. 45, 46). The plaintiff desires entry of final judgment as to the Court's order dismissing her claims of negligence, wantonness and negligent training so that she may obtain appellate consideration of those rulings before proceeding to trial on her sole remaining claim of breach of implied contract.

"[E]ntry of judgment under Rule 54(b), unlike an appeal from a final judgment, is not a matter of right. It is, rather, committed to the district court's discretion, with the caution that cases appropriate for Rule 54(b) judgment are rare." *State Treasurer v. Barry*, 168 F.3d 8, 20 (11th Cir. 1999). A party requesting such relief has the burden of demonstrating that "there is no just reason for delay." Fed. R. Civ. P. 54(b). This analysis "requires the district court to balance judicial administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 165-66 (11th Cir. 1997).

With respect to the first factor, there exists a strong bias against piecemeal appeals, with their attendant redundancies and delays. *Ebrahimi v. Board of Education*, 114 F.3d at 166, 167. This judicial skepticism is at its zenith when "the same operative facts serve as the basis for" the dismissed and remaining claims and when the relief sought in the dismissed claims "is intertwined with and inseparable from the relief sought" under the remaining claims, as when success on the remaining claims "will foreclose at least some, if not all, of the relief sought under" the dismissed claims. *Id*. at 167. The

plaintiff acknowledges that her breach of contract claim "would necessitate the presentation of virtually the same evidence" as would her dismissed claims, (Doc. 45, ¶ 6), and the Court agrees.  In addition, the parties' joint pretrial document reflects that the plaintiff expects to recover under her breach of contract claim essentially the same damages she sought under her tort claims.  (Doc. 47 at 18-19).  Accordingly, the first factor counsels heavily against entry of a Rule 54(b) order.[1]

The second factor restricts Rule 54(b) "to instances in which immediate appeal would alleviate some danger of hardship or injustice." *Ebrahimi v. Board of Education*, 114 F.3d at 166.  The plaintiff has wholly ignored this factor, which thus weighs against her position.[2]

The plaintiff insists that "[t]here is no just reason for delay in entering a final judgment ...." (Doc. 45, ¶ 7).  However, a "bare statement that there is no just reason for delay does not suffice to establish that the nature of the case warrants" entry of such an order.  *Ebrahimi v. Board of Education*, 114 F.3d at 167.

For the reasons set forth above, the plaintiff's motion for entry of a Rule 54(b) final judgment is **denied**.  Given the absence of any final judgment from which to appeal, the plaintiff's motion for a stay pending appeal is also **denied**.

DONE and ORDERED this 14th day of July, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff appears to believe that the similarity of evidence applicable to her claims supports entry of a Rule 54(b) order, because such an order would ensure only a single trial should the Eleventh Circuit reverse the Court's entry of partial summary judgment. (*Id.*).  On the contrary, "[a]bsent special circumstances," a desire to "eliminate the necessity for a second trial" in the event of reversal constitutes "an improper basis for issuance of a partial final judgment." *Ebrahimi v. Board of Education*, 114 F.3d at 168.  The plaintiff, of course, has identified no such "special circumstances."

[2] Any such equitable concerns would have to be especially compelling to "overcome the associated injury to the interests of judicial administration." *Id.* at 168.